IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:19-CV-00277-KDB

| | |
|---|---|
| ZACHARY TYLER PRESTWOOD, <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Zachary Tyler Prestwood's Motion for Summary Judgment (Doc. No. 10) and Defendant's Motion for Summary Judgment (Doc. No. 12). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision regarding his application for Supplemental Security Income ("SSI").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court finds that Defendant's decision to deny Plaintiff's Social Security benefits should not be affirmed on the current record. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** Defendant's Motion for Summary Judgment, **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

# I. BACKGROUND

Mr. Prestwood filed an application for child's insurance benefits based on disability on November 2, 2015 and protectively filed his application for SSI on October 6, 2015. (Tr. at 17). He alleged that he had been suffering from several, primarily mental, impairments. (Tr. at 17-19). Plaintiff's application was initially denied on January 8, 2016, and on reconsideration on May 11, 2016. (Tr. 17, 178-194, 195-202). A hearing was held on March 2, 2018 and a supplemental hearing was held on July 11, 2018 before an Administrative Law Judge ("ALJ"). (Tr. at 53-73). In the ALJ's decision, he concluded that Mr. Prestwood was not disabled under 1614(a)(3)(A) of the Social Security Act and denied his application in a decision dated August 10, 2018. (Tr. 14-28). The Appeals Council denied Plaintiff's request for review on July 24, 2019. (Tr. at 1-6). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Prestwood has requested judicial review.

## II. THE COMMISIONER'S DECISION

At step one, the ALJ concluded that Mr. Prestwood had not engaged in substantial gainful activity since the alleged onset date of February 26, 2015.[1] (Tr. at 19). At step two, the ALJ concluded that he has the following severe impairments: Bipolar I Disorder, Unspecified Bipolar and Related Disorder; Unspecified Anxiety Disorder; history of lntermittent Explosive Disorder; history of ADHD (Attention Deficit Hyperactivity Disorder); history of Delusional Disorder; and

---

[1] The ALJ followed the required five-step sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) & 404.1520(a)-(g).

history of PTSD (Posttraumatic Stress Disorder) (20 CFR 404.1520(c) and 416.920(c)). *Id*. At step three, the ALJ concluded that his severe impairments did not meet or medically equal the listed impairments of 20 C.F.R. § 404, Subpart P, app. 1 at 12.03, 12.04, 12.06, or 12.08. (Tr. at 20). In assessing whether Mr. Prestwood's impairments met or medically equaled the listed impairments, the ALJ found, among other limitations, that he had a "moderate limitation" with regard to "concentrating, persisting, or maintaining pace." (Tr. at 21).

In step four, the ALJ concluded that Mr. Prestwood had the residual functional capacity ("RFC") to perform:

> A full range of work at all exertional levels but with the following non-exertional limitations: able to perform simple, routine, repetitive work with occasional contact with co-workers and frequent contact with the public and supervisors.

(Tr. at 22). In the RFC assessment, the ALJ considered the opinions of several clinicians and doctors. (Tr. at 22-26). The ALJ also considered Mr. Prestwood's own testimony regarding his symptoms. (Tr. at 22). The ALJ finally concluded at step four that Mr. Prestwood had no past relevant work and thus that transferability of job skills is not an issue. (Tr. at 27).

At step five, the ALJ determined that there are jobs existing in significant numbers in the national economy that Mr. Prestwood can perform, rendering him ineligible for SSI. (Tr. at 27). The vocational expert ("VE") testified that he would be able to perform three representative jobs at the medium level including dishwasher, counter supply, and janitor (Tr. 27, 51-54) and three representative jobs at the light level including cashier, building cleaner, and retail marker (Tr. 27-28, 51-54). The Appeals Council denied review and Mr. Prestwood appealed to this Court pursuant to 42 U.S.C. § 405(g). (Tr. at 1-6).

### III.     LEGAL STANDARD

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Indeed, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Perales*, 402 U.S. at 401), the Fourth Circuit defined "substantial evidence" as follows:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

Thus, the Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. This is true even if the reviewing court

disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

However, in the event that the Commissioner fails to satisfy these standards as reflected in the ALJ's decision then his decision cannot be affirmed, *see Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), and remand is appropriate.

## IV. DISCUSSION

Mr. Prestwood argues that the ALJ violated the standards articulated in *Mascio* when conducting the RFC assessment for the same reasons that this Court remanded an ALJ's decision in *Kristina Philbrick-Morrison v. Saul* (WDNC Civil Action 1:18-cv-256, November 4, 2019). Specifically, in that case this Court found that the ALJ's determination that the claimant "can perform simple, routine, repetitive work that requires only occasional interaction with the general public" did not address the ALJ's finding of moderate limitation in concentration, persistence, and pace and thus reversed and remanded the ALJ's adverse decision pursuant to Sentence 4 of 42 U.S.C. § 405(g). The Court agrees with the Plaintiff that the same reasoning applies in this case.[2]

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling ("SSR") 96-8p. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Id.*

---

[2] Defendant has made no attempt to distinguish or otherwise argue against the Court following the reasoning and holding in *Philbrick-Morrison*. Indeed, Defendant did not address the decision at all in his response brief, even though Plaintiff argued its controlling application in his initial brief.

5

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. *See* 20 C.F.R. §§404.1512(c) & 416.912(c); *see also, e.g.*, *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); *Plummer v. Astrue*, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which his impairments limit his RFC") (citing *Stormo*), *adopted*, 2012 WL 1858844 (May 22, 2102), *aff'd*, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In *Mascio*, the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

Furthermore, the *Mascio* Court "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id.* at 638 (quoting *Winschel v.Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)); *see also* SSR 96-8p (explaining that the mental RFC evaluation before steps 4 and 5 "requires a more detailed assessment by itemizing various functions" than the assessment under step 2). This is because "[t]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence or pace." *Id.*

Here, the ALJ determined in the RFC analysis that Mr. Prestwood was limited to "simple, routine, repetitive work with occasional contact with co-workers and frequent contact with the public and supervisors". (Tr. at 22). As in *Phibrick-Morrison*, even if this portion of the RFC assessment was supported by substantial evidence, limitations to work with simple, routine, repetitive work, without more, "does not account for a claimant's limitation in concentration, persistence [or] pace." *Mascio*, 780 F.3d at 638 (internal quotation marks omitted). *See also Parham v. Colvin*, No. 1:15-CV-063-GCM-DCK (W.D.N.C. August 8, 2016), *Kittrell v. Colvin*, No. 5:14-cv-163-RJC (W.D.N.C. March 6, 2016), *Newton v. Colvin*, No. 3:14-cv-371-RJC-DSC, 2015 WL 4411110, at *3 (W.D.N.C. July 20, 2015); *Scruggs v. Colvin*, No. 3:14-cv-00466-MOC, 2015 WL 2250890, at *4-5 (W.D.N.C. May 13, 2015). Further, the ALJ's additional determination that he is limited to work requiring only occasional interaction with co-workers does not render the assessment sufficient under *Mascio*: "[p]erhaps the ALJ can explain why [Plaintiff's]… limitation in concentration, persistence, or pace . . . does not translate into a limitation in [his] residual functional capacity . . . But because the ALJ here gave no explanation, a remand is in order." *Id.* (citation omitted). Accordingly, the Court finds that this matter should be remanded to the ALJ for further consideration of Mr. Prestwood's limitation in concentration, persistence and pace with respect to his RFC.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Mr. Prestwood's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the

Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (alternation in original) (emphasis omitted) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)).

Finally, because remand is required on this issue, the Court finds it unnecessary to discuss Mr. Prestwood's other arguments on appeal.

## V. ORDER

Plaintiff's Motion for Summary Judgment (Doc. No. 10) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 12) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[3]

**SO ORDERED**.

Signed: June 4, 2020

Kenneth D. Bell
United States District Judge

---

[3] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. 617, 625 (1990).